David R. Shoop (SBN: 220576)
Thomas S. Alch (SBN: 136860)
SHOOP | A PROFESSIONAL LAW CORPORATION
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
*david.shoop@shooplaw.com*
*thomas.alch@shooplaw.com*

Attorneys for Defendants
MEDGUARD ALERT, INC. and LIFEWATCH INC.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MOSER<br><br>          Plaintiff,<br><br>     vs.<br><br>MEDGUARD ALERT, INC, a Connecticut Corporation, Lifewatch Inc., a New York Corporation, also d/b/a Lifewatch USA and Medical ALARM SYSTEMS and LIFEWATCH MOTO, EVAN SIRLIN, individually and as an officer or manager of Lifewatch, Inc., and DAVID ROMAN, individually and as an officer or manager of Lifewatch Inc., and MedGuard Alert, Inc.<br><br>          Defendants. | Case No.: 19-cv-831<br><br>Date: Nov. 25, 2019<br>Ctrm.14B<br>Complaint Filed: May 3, 2019<br><br>No Oral Argument Unless Requested By Court |

**DEFENDANTS MEDGUARD ALERT INC.'S AND LIFEWATCH INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED; INSUFFICIENT SERVICE OF PROCESS; and INSUFFICIENT PROCESS [F.R.C.P.12(b)(4); 12(b)(5); 12(b)(6)]**

# TABLE OF CONTENTS

Table of Contents………………………………………………………..............i

Table of Authorities…………………………………………………….…..ii-iii

    Memorandum of Points and Authorities……………………………...…1

    I.    SUMMARY OF PLAINTIFF'S ALLEGATIONS…………………..1

    II.    SUMMARY OF DEFENDANTS' ARGUMENT………………..…..2

        A. Rule 12(b)(6)…………………………………………....……..2

        B. 12(b)(5)……………………………………………….………..2

        C. 12(b)(4)…………………………………………….…………..2

    III.    ARGUMENT……………………………………………………….3

        A. Plaintiff's Complaint is Fatally Flawed on its Face and,

        must be Dismissed Pursuant to FRCP 12(b)(6)………………...3

            1. Plaintiff has failed to plead the elements necessary

            to sustain TCPA claims…………………………….…..4

            2. Plaintiff's Claim is Barred by the Doctrine

            of Res Judicata…………………………………………...4

            3. Dismissal is Appropriate Insofar as Plaintiff's

            TCP Claim is based on calls allegedly received

            before 5/3/15……………………………………………...5

        B. Plaintiff's Complaint Must be Dismissed Pursuant to

        12(b)(5)…………………………………………………………5

        C. Plaintiff's Complaint Must be Dismissed Pursuant

        to 12(b)(4)……………………………………………..……….6

    IV.    CONCLUSION………………………………………..…………7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) .......................................... 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) .......................................... 3

*Boudette v. Barnette*,
  923 F.2d 754 (9th Cir. 1991) ...................................................................................... 6

*Chemehuevi Indian Tribe v. Wilson*,
  181 F.R.D. 438 (N.D. Cal. 1998) ................................................................................ 6

*Costantini v. Trans World Airlines*,
  681 F.2d 1199 (9th Cir. 1982) .................................................................................... 4

*Daniels-Hall v. National Educ. Ass'n.*,
  629 F.3d 992 (9th Cir. 2010) ...................................................................................... 3

*Johnson v. Riverside Healthcare Sys., LP*,
  534 F.3d 1116 (9th Cir. 2008) .................................................................................... 3

*King v. Atiyeh*,
  814 F.2d 565 (9th Cir. 1986) ...................................................................................... 6

*Koenig v. Bank of Am., N.A.*,
  2013 U.S. Dist. LEXIS 179891 (E.D. Cal. Dec. 23, 2013) ........................................ 3

*Lofton v. Verizon Wireless (VAW) LLC*,
  308 F.R.D. 276 (N.D. Cal. 2015) ................................................................................ 5

*Marceau v. Blackfeet Hous. Auth.*,
  540 F.3d 916 (9th Cir. 2008) ...................................................................................... 3

*Mateo v. M/S KISO*,
  805 F. Supp. 792 (N.D. Cal. 1992) ............................................................................. 6

*Meyer v. Portfolio Recovery Assocs., Ltd. Liab. Co.*,
  707 F.3d 1036 (9th Cir. 2012) .................................................................................... 4

*Navarro v. Block*,
  250 F.3d 729 (9th Cir. 2001) ...................................................................................... 3

*Ross v. Int'l Bhd. of Elec. Workers,*
  634 F.2d 453 (9th Cir. 1980) .................................................................................. 4

*In re Sheehan,*
  253 F.3d 507 (9th Cir. 2001) .................................................................................. 6

*Sipes v. Galaxy Airlines, Inc.,*
  119 F.R.D. 691 (D. Nev. 1988) .............................................................................. 6

*Townsel v. Contra Costa Cnty.,*
  820 F.2d 319 (9th Cir. 1987) .................................................................................. 6

*Vignolo v. Miller,*
  120 F.3d 1075 (9th Cir. 1999) ................................................................................ 3

*Wei v. State of Hawaii,*
  763 F.2d 370 (9th Cir. 1985) .................................................................................. 6

**Statutes**

47 U.S.C.S. § 227(b)(1) ............................................................................................... 4

47 U.S.C. § 227 ........................................................................................................... 1

Fed. R. Civ. P. 4(a) ..................................................................................................... 7

Fed. R. Civ. P. 12(b)(4) .............................................................................................. 6

Fed. Rule Civ. Proc. 8(a) (2) ...................................................................................... 3

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 1, 3, 7

Federal Rules of Civil Procedure 12(b)(5), and 12(b)(4) .......................................1, 7

Rule 4(m) ........................................................................................................... 2, 5, 6

Rule 12(b)(6) ........................................................................................................... 2, 3

TCPA ............................................................................................................. 1, 2, 4, 5

DEFENDANT LIFEWATCH INC.'S AND MEDGUARD ALERT INC.'S MOTION TO DISMISS
4005338

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 25, 2019, or as soon thereafter as this matter may be heard in Courtroom 14B of the above-entitled Court located at 333 West Broadway, San Diego, CA 92101, Defendants Medguard Alert Inc. ("Medguard") and Lifewatch, Inc. ("Lifewatch") will, and hereby do, move this Court for an Order dismissing the Complaint, with prejudice for failure to state claims upon which relief can be granted, insufficient service of process, and insufficient process.

This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(5), and 12(b)(4).

This motion is based upon the Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of David Roman, and upon all pleadings, records, and papers on file herein, as well as such other oral and/or documentary evidence as may be presented at or before the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff Kenneth Moser ("Plaintiff" or "Moser") appears to allege that corporate defendants Lifewatch and MedGuard initiated calls (or caused calls to be initiated) to Moser that were violative of 47 U.S.C. § 227, known as the Telephone Consumer Protection Act ("TCPA").

The Complaint describes pending and settled TCPA actions in small claims court against "some or all of the defendants," and references calls that are outside the four-year TCPA statute of limitations. Specifically, plaintiff's Complaint:

- Alleges that plaintiff has already fully adjudicated his TCPA claims against "some or all of the defendants" between 3/5/2015 and present, and that he has pending small claims actions for his TCPA claims against "some or all of the defendants." (Exhibit A, Complaint, ¶20-24).
- References autodialed, pre-recorded calls between 11/14/14 and 5/15/18,

but indicates that the "robo-called" messages were only delivered from "November – December 2014" and "January-July 2015". (Exhibit A, Complaint, ¶ 9, 10, 11).

## II. SUMMARY OF DEFENDANTS' ARGUMENT

### A. Rule 12(b)(6)

Plaintiff failed to plead the elements necessary to sustain TCPA claims, including, *inter alia*, that the calls were received without prior express written consent. Given the allegations indicating that some or all of the calls at issue have either been fully adjudicated or are presently being adjudicated in small claims court, plaintiff's claims are barred by way of *res judicata*. Further, insofar as the Complaint seeks redress for calls that are outside the four-year statute of limitations, dismissal is appropriate.

### B. 12(b)(5)

Under 12(b)(5), the case should be dismissed because plaintiff cannot demonstrate good cause for his service of process delay and for his service of an improper summons. Under Rule 4(m), service is required within 90 days of filing a complaint. Here, however, the Complaint was served 147 days after the Complaint was filed.

### C. 12(b)(4)

Dismissal is also appropriate because a single Summons and Complaint was served upon David Roman, rather than Defendants Lifewatch or Medguard, but the Summons does not identify the defendant (i.e. it does not indicate whether Mr. Roman is being served solely as an individual or whether Mr. Roman is being served as an agent of Lifewatch and/or Medguard).

### III. ARGUMENT

**A. Plaintiff's Complaint is Fatally Flawed on its Face and, must be Dismissed Pursuant to FRCP 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a) (2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see* Fed.R.Civ.P. 12(b)(6). A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 12(b)(6) and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). But, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Mere legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). *Koenig v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 179891, 1-3 (E.D. Cal. Dec. 23, 2013).

### 1. Plaintiff has failed to plead the elements necessary to sustain TCPA claims

In order to sustain a TCPA claim Plaintiff must plead, *inter alia*: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C.S. § 227(b)(1). See *Meyer v. Portfolio Recovery Assocs., Ltd. Liab. Co.*, 707 F.3d 1036, 1040 (9th Cir. 2012). A plain reading of Plaintiff's complaint indicates that Plaintiff has failed to adequately plead these elements because there are zero factual averments in the Complaint that the offending calls were made without Moser's prior express consent. This necessitates dismissal as a matter of law.

### 2. Plaintiff's Claim is Barred by the Doctrine of Res Judicata

The doctrine of *res judicata* or claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties … on the same cause of action." *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir. 1982), citing *Ross v. Int'l Bhd. of Elec. Workers,* 634 F.2d 453 (9th Cir. 1980). In the 9th Circuit, the "crucial question is whether [plaintiff] has stated in the instant suit a cause of action different from those raised in [the] first suit." *Id.* And, "this circuit approaches that crucial question by applying several criteria to determine whether successive lawsuits involve a single cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Here, while somewhat unclear from plaintiff's Complaint, plaintiff appears to seek redress for "11 calls" from 5/14/15 through 7/13/16 (Exhibit A, Complaint, ¶ 29). But, he alleges: "Plaintiff filed two more small claims action on 10/22/2015, in

4

San Diego Superior Court…". (Exhibit A, Complaint, ¶ 22). Further, he alleges "Plaintiff has since filed 22 other small claims actions against some or all of the Defendants of which six are on calendar for future trial, 15 were adjudicated in favor of Plaintiff by default and six of these have been satisfied through collection efforts." (Exhibit A, Complaint, ¶ 24).

As such, plaintiff's Complaint demonstrates on its face that plaintiff asserted or could have asserted the same TCPA claim against defendants in the dozens of small claims matters plaintiff apparently initiated against defendants on 10/22/2015 and "since" 10/22/2015." Accordingly, plaintiff's TCPA claim is barred.

### 3. Dismissal is Appropriate Insofar as Plaintiff's TCPA Claim is based on calls allegedly received before 5/3/15

As set forth above, Plaintiff's Complaint makes reference to calls preceding 5/3/15. To the extent plaintiff is seeking recovery under the TCPA for those calls, plaintiff's claims are barred by the statute of limitations. *See, e.g. Lofton v. Verizon Wireless (VAW) LLC,* 308 F.R.D. 276, 281 (N.D. Cal. 2015) (The TCPA has a four-year statute of limitations).

### B. Plaintiff's Complaint Must be Dismissed Pursuant to 12(b)(5)

FRCP 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) requires a two-step analysis to determine whether to extend the 90 limitation. "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the

5

discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At a minimum good cause means "excusable neglect." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). "Good cause" means "that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (quoting *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992)).

Notably, ignorance of the law does not constitute "good cause" for a failure to serve, even in the context of pro se litigants. *See Sipes v. Galaxy Airlines, Inc.*, 119 F.R.D. 691, 693 (D. Nev. 1988) (confusion regarding the court's notice of intent to dismiss for lack of service is not good cause for a pro se plaintiff's failure to effect timely service); *cf. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants must follow the same rules of procedure that govern other litigants).

Here, dismissal under 12(b)(5) is appropriate given that the Complaint was served 147 days after the Complaint was filed. (Exhibit B, Roman Decl.).

### C. Plaintiff's Complaint Must be Dismissed Pursuant to 12(b)(4)

Fed. R. Civ. P. 12(b)(4) allows defendants to move to dismiss for insufficient process. Challenging the sufficiency of process "is proper only to challenge noncompliance with . . . any applicable provision . . . that deals specifically with the content of the summons." 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.). The content requirements for a summons are enumerated in Fed. R. Civ. P. 4(a). As set forth therein, the summons must "be directed to the defendant." Fed. R. Civ. P. 4(a).

Here, a single Summons and Complaint was served upon David Roman, but the Summons does not identify the defendant, i.e. it does not indicate whether Mr. Roman is being served as an individual or whether he is being served as an agent of the Lifewatch and/or Medguard. (Exhibit B,¶ 17 Roman Decl.). This violation of

6

Fed. R. Civ. P. 4(a) is prejudicial inasmuch as it deprives defendants from knowing who has actually been served and whether and when to respond to the Complaint.

## IV. CONCLUSION

Plaintiff's Complaint must be dismissed in its entirety, and with prejudice, pursuant to FRCP. R. 12(b)(6). Dismissal is also warranted under FRCP R. 12(b)(4) and 12(b)(5).

Dated: October 21, 2019

                Respectfully Submitted,

By /s/ _____
David R. Shoop (SBN: 220576)
Thomas S. Alch (SBN: 136860)
SHOOP | A PROFESSIONAL LAW CORPORATION
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
*david.shoop@shooplaw.com*
*thomas.alch@shooplaw.com*

Joseph Lipari (pro hac anticipated)
THE SULTZER LAW GROUP, P.C.
liparij@thesultzerlawgroup.com
The Sultzer Law Group, P.C.
270 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (917) 444-1960

*Counsel for Defendants Medguard Alert, Inc. and Lifewatch, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on plaintiff by Federal Express overnight mail on October 21, 2019, and by overnight mailing it on October 21, 2019 to:

**Kenneth Moser**

**11289 Spica Drive**

**San Diego, CA 92126**

_____
Joseph Lipari

Sworn to before me this
21st day of October, 2019

_____

NOTARY PUBLIC Amanda Ciulla
Notary Public State of New York
01KA6212207
Qualified in Dutchess County
Commission Expires 10/13/21

8

DEFENDANT LIFEWATCH INC.'S AND MEDGUARD ALERT INC.'S MOTION TO DISMISS

4005338