David R. Shoop (SBN: 220576)
Thomas S. Alch (SBN: 136860)
SHOOP | A PROFESSIONAL LAW
CORPORATION
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Attorneys for Defendant
DAVID ROMAN

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

KENNETH MOSER

        Plaintiff,

    vs.

MEDGUARD ALERT, INC, a
Connecticut Corporation, Lifewatch
Inc., a New York Corporation, also
d/b/a Lifewatch USA and Medical
ALARM SYSTEMS and LIFEWATCH
MOTO, EVAN SIRLIN, individually
and as an officer or manager of
Lifewatch, Inc., and DAVID ROMAN,
individually and as an officer or
manager of Lifewatch Inc., and
MedGuard Alert, Inc.

        Defendants.

Case No.: 19-cv-831

Date: Nov. 25, 2019
Ctrm.14B
Complaint Filed: May 3, 2019

No Oral Argument Unless Requested
By Court

**DEFENDANT DAVID ROMAN'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED; INSUFFICIENT SERVICE OF PROCESS; and INSUFFICIENT PROCESS [F.R.C.P. 12(b)(2); 12(b)(4); 12(b)(5); 12(b)(6)]**

4005338

# **TABLE OF CONTENTS**

Table of Contents………………………………………………………………….i

Table of Authorities……………………………………………………..……iii-vii

MEMORANDUM OF POINTS AND AUTHORITIES……………………………1

I.    SUMMARY OF PLAINTIFF'S ALLEGATIONS……………………………1

II.    SUMMARY OF DAVID ROMAN'S ARGUMENT…………………….…....2

    A. Rule 12(b)(2)……………………………………………………….…....2

    B. Rule 12(b)(6)……………………………………………………..……..3

    C. 12(b)(5)……………………………………………………….…...…...3

    D. 12(b)(4)……………………………………………………………....…4

III.    ARGUMENT………………………………………………………….…....4

    A. All Claims Against Mr. Roman Must Be Dismissed for Lack

       Of Personal Jurisdiction……………………………………………4

       1.  Legal Standard for Personal Jurisdiction………………………..4

       2.  Mr. Roman Is Not Subject To General Personal

          Jurisdiction……………………………………………………5

       3.  Mr. Roman is Not Subject to Specific Personal

          Jurisdiction…………………………………………………..…7

          i.    Mr. Roman has not purposefully availed

              himself of the privileges of conducting

              activities in California……………………………..….7

          ii.   Roman's contacts with California, if any,

              are not the "but for" cause of Plaintiff's claims

              against him……………………………………..…….9

          iii.  The exercise of jurisdiction over Mr. Roman would

              be unreasonable…………………………………..…9

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338

4.  Mr. Roman's Role as Officer Is Not a Valid Basis Upon
    Which to Assert Personal Jurisdiction.............................11

B.  Plaintiff's Complaint is Fatally Flawed on its Face and, must be
    Dismissed Pursuant to FRCP 12(b)(6)..................................14

    1.  Plaintiff has failed to plead the elements necessary to sustain
        TCPA claims....................................................15

    2.  Plaintiff's Claim is Barred by the Doctrine of Res Judicata......15

    3.  Dismissal is Appropriate Insofar as Plaintiff's TCPA Claim
        is based on calls allegedly received before 5/3/15.................16

C.  Plaintiff's Complaint Must Be Dismissed Pursuant to 12(b)(5).........16

D.  Plaintiff's Complaint Must Be Dismissed Pursuant to 12(b)(4).........17

IV.     CONCLUSION.......................................................18

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)............................................ 14

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)............................................ 14

*Birzer v. Jockey's Guild, Inc.,*
   444 F. Supp. 2d 1005 (C.D. Cal. 2006) .................................................................. 4, 5, 6

*Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care*
   *Servs.,*
   727 F.3d 917 (9th Cir. 2013) ....................................................................................... 13

*Boschetto v. Hansing,*
   539 F.3d 1011 (9th Cir. 2008) ..................................................................................... 13

*Boudette v. Barnette,*
   923 F.2d 754 (9th Cir. 1991) ....................................................................................... 17

*Brand v. Menlove Dodge,*
   796 F.2d 1070 (9th Cir. 1986) ....................................................................................... 5

*Brown v. General Steel Domestic Sales, LLC*
   2008 U.S. Dist. LEXIS 97832 (C.D. Cal. 2008) ....................................................... 2, 3

*Brown v. General Steel Domestic Sales, LLC,*
   2008 WL 2128057 (C.D. Cal. May 19, 2008) ............................................................ 11

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462, 105 S. Ct. 2174, 85 L.Ed2d 528 (1985).................................................. 9

*Calder v. Jones,*
   465 U.S. 783, 79 L.Ed.2d 804, 104 S.Ct. 1482 (1984)................................................... 7

*Chemehuevi Indian Tribe v. Wilson,*
   181 F.R.D. 438 (N.D. Cal. 1998)................................................................................. 17

*Clerkin v. MyLife.com, Inc.,*
   2011 U.S. Dist. LEXIS 90552 (N.D. Cal. Aug. 15, 2011) .................................... 12, 13

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338

*Core-Vent Corp. v. Nobel Indus.*,
   11 F.3d 1482 (9th Cir. 1993) ........................................................... 10

*Costantini v. Trans World Airlines*,
   681 F.2d 1199 (9th Cir. 1982) ......................................................... 15

*Daniels-Hall v. National Educ. Ass'n.*,
   629 F.3d 992 (9th Cir. 2010) ........................................................... 14

*Data Disc, Inc. v. Systems Technology Associates, Inc.*,
   557 F.2d 1280 (9th Cir. 1977) ........................................................... 2

*Davis v. Metro. Prod., Inc.*,
   885 F.2d 515 (9th Cir. 1989) ........................................................... 11

*Gates Lear Jet Corp. v. Jensen*
   (9th Cir. 1984) ................................................................................. 6

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*,
   328 F.3d 1122 (9th Cir. 2003) ............................................................ 4

*Helicopteros Nacionales de Colombia, S.A., v. Hall*,
   466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) ..................... 5

*Hirsch v. Blue Cross, Blue Shield of Kansas City*,
   800 F.2d 1474 (9th Cir. 1986) ........................................................ 6, 8

*International Shoe Co. v. Washington*,
   326 U.S. 310, 66 S.Ct. 154, 90 L.ED. 95 (1945) ............................. 5

*Johnson v. Riverside Healthcare Sys., LP*,
   534 F.3d 1116 (9th Cir. 2008) ......................................................... 14

*Just Film, Inc. v. Merch. Servs.*,
   2010 U.S. Dist. LEXIS 130230 (N.D. Cal. Nov. 29, 2010) ......... 12, 13

*Keeton v. Hustler Magazine, Inc.*,
   465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ................... 12

*King v. Atiyeh*,
   814 F.2d 565 (9th Cir. 1986) ........................................................... 17

*Kirsch v. Cuadra*
   2005 U.S. Dist. LEXIS 25386 (N.D. Cal. 2005) ............................... 8

*Koenig v. Bank of Am., N.A.*,
   2013 U.S. Dist. LEXIS 179891 (E.D. Cal. Dec. 23, 2013) ............. 14

iv

*Lofton v. Verizon Wireless (VAW) LLC,*
  308 F.R.D. 276 (N.D. Cal. 2015) ................................................................ 16

*Marceau v. Blackfeet Hous. Auth.,*
  540 F.3d 916 (9th Cir. 2008) ................................................................... 14

*Mateo v. M/S KISO,*
  805 F. Supp. 792 (N.D. Cal. 1992) ......................................................... 17

*Menken v. Emm,*
  503 F.3d 1050 (9th Cir. 2007) ................................................................... 4

*Meyer v. Portfolio Recovery Assocs., Ltd. Liab. Co.,*
  707 F.3d 1036 (9th Cir. 2012) ................................................................. 15

*Moser v. Health Ins. Innovations, Inc.,*
  No. 3:17-cv-1127-WQH-KSC, 2018 U.S. Dist. LEXIS 3237 (S.D. Cal.
  Jan. 5, 2018) ............................................................................................ 13

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) ................................................................... 14

*Ross v. Int'l Bhd. of Elec. Workers,*
  634 F.2d 453 (9th Cir. 1980) ................................................................... 15

*Schwarzenegger v. Fred Martin Motor Co.,*
  374 F.3d 797 (9th Cir. 2004) ................................................................. 5, 7

*In re Sheehan,*
  253 F.3d 507 (9th Cir. 2001) ................................................................... 17

*Shute v. Carnival Cruise Lines,*
  897 F.2d 377 (9th Cir. 1990) ..................................................................... 9

*Sipes v. Galaxy Airlines, Inc.,*
  119 F.R.D. 691 (D. Nev. 1988) ............................................................... 17

*Terracom v. Valley Nat. Bank,*
  49 F. 3d 555 (9th Cir. 1995) ..................................................................... 8

*Townsel v. Contra Costa Cnty.,*
  820 F.2d 319 (9th Cir. 1987) ................................................................... 17

*Tuazon v. R.J. Reynolds Tobacco Co.,*
  433 F.3d 1163 (9th Cir. 2006) ................................................................... 6

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338

*United States Liability Ins. Co. v. Haidinger-Hayes, Inc.*,
  1 Cal.3d 586 (1970) ............................................................................... 11

*Vignolo v. Miller*,
  120 F.3d 1075 (9th Cir. 1999) .............................................................. 14

*Washington Shoe Co., v. A-Z Sporting Goods, Inc.*,
  704 F.3d 668 (9th Cir. 2012) .................................................................. 7

*Wei v. State of Hawaii*,
  763 F.2d 370 (9th Cir. 1985) ................................................................ 17

*Wolf Designs, Inc. v. DHR & Co.*,
  322 F.Supp.2d 1065 (C.D. Cal. 2004) ................................................. 11

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)................................................................................ 8

*Yahoo! Inc. v. La Ligue Contre Le RAcisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) ........................................................... 5, 7

*Ziegler v. Indian River County*,
  64 F.3d 470 (9th Cir. 1995) ............................................................. 9, 10

**Statutes**

47 U.S.C.S. § 227(b)(1).......................................................................... 15

47 U.S.C. § 227 ......................................................................................... 1

Cal. Civ. Code § 410.10 ........................................................................... 4

Fed. R. Civ. P. 4(a) ........................................................................... 17, 18

Fed. R. Civ. P. 12(b)(4) ............................................................... 1, 17, 18

Fed. R. Civ. Pro. 4(k)(1)(A) ..................................................................... 4

Fed. Rule Civ. Proc. 8(a) (2) .................................................................. 14

Federal Rule of Civil Procedure Rule 12(b)(6)................................ 14, 18

Federal Rules of Civil Procedure, Rule 12(b)(2) ..................................... 1

Federal Rules of Civil Procedure 12(b)(5)..................................... 1, 3, 18

Rule 4(m).......................................................................................... 3, 16

Rule 12(b)(2) ........................................................................... 2, 4

Rule 12(b)(6) ......................................................................... 3, 14

TCPA ............................................................... 1, 2, 3, 15, 16

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on November 25, 2019, or as soon thereafter as this matter may be heard in Courtroom 14B of the above-entitled Court located at 333 West Broadway, San Diego, CA 92101, Defendant David Roman ("Defendant" or "Mr. Roman") will, and hereby does, move this Court for an Order dismissing the Complaint, with prejudice, for lack of personal jurisdiction,  failure to state claims upon which relief can be granted, insufficient service of process, and insufficient process.

This motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(2) because, *inter alia*, Mr. Roman's personal contacts with California and his personal activities are insufficient for the court to exercise personal jurisdiction over him.  This motion is also brought pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(5), and 12(b)(4).

This motion is based upon the Notice of Motion, the attached Memorandum of Points and Authorities, and the Declaration of Defendant David Roman, and upon all pleadings, records, and papers on file herein, as well as such other oral and/or documentary evidence as may be presented at or before the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff Kenneth Moser ("Plaintiff" or "Moser") appears to allege that corporate defendants Lifewatch Inc. ("Lifewatch") and MedGuard Alert Inc. ("MedGuard") initiated calls (or caused calls to be initiated) to Moser that were violative of 47 U.S.C. § 227, known as the Telephone Consumer Protection Act ("TCPA").  Plaintiff apparently contends that Mr. Roman, by virtue of being an officer of the corporate defendants is personally liable under the TCPA for the allegedly violative calls. (Exhibit A, Complaint, ¶5, 35, 36).

The Complaint describes pending and settled TCPA actions in small claims

court against "some or all of the defendants," and references calls that are outside the four-year TCPA statute of limitations.  Specifically, plaintiff's Complaint:

- Alleges that plaintiff has already fully adjudicated his TCPA claims against "some or all of the defendants" between 3/5/2015 and present, and that he has pending small claims actions for his TCPA claims against "some or all of the defendants."  (Exhibit A, Complaint, ¶20-24).
- References autodialed, pre-recorded calls between 11/14/14 and 5/15/18, but indicates that the "robo-called" messages were only delivered from "November – December 2014" and "January-July 2015".  (Exhibit A, Complaint, ¶ 9, 10, 11).

## II.   SUMMARY OF DAVID ROMAN'S ARGUMENT

### A. Rule 12(b)(2)

Mr. Roman is an individual, domiciled in Connecticut, who has lived there continuously for over 36 years.  Mr. Roman has no contact with California and thus the court cannot exercise personal jurisdiction over him.  (See Exhibit B, Declaration of David Roman ("Roman Decl.").[1]  Further, the Complaint's allegations are woefully insufficient to pierce the corporate veil and hold Mr. Roman personally liable because of his status as a corporate officer.

Notably, in *Brown v. General Steel Domestic Sales, LLC* 2008 U.S. Dist. LEXIS 97832, 36-37 (C.D. Cal. 2008), the District Court stated that if a corporation is subject to jurisdiction in the forum state, "it does not necessarily confer jurisdiction over its individual officers.  Instead, the court must examine the individual's contacts with the forum to determine if they are sufficient to warrant the exercise of jurisdiction over him in connection with forum-related claims."  In *Brown*, the plaintiff argued

---

[1] A court may consider declarations upon a motion to dismiss for lack of personal jurisdiction. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338

1  that the corporate defendant's president "formulates, controls, directs, supervises,
2  perpetuates, manages and has knowledge of the practices and policies of [the
3  corporation]." *Id.* at 39. Plaintiff further asserted that defendant's president "knew
4  or should have known of sales practices used by salespeople on his or [the
5  corporation's] behalf." *Id.* The District Court granted the defendant president's
6  12(b)(2) motion and held that "[a]t most, these allegations indicate that [defendant's
7  president] plays a broad managerial role within the company; they in no way suggest
8  that he was the guiding spirit for the corporation's actions." *Id.*

9  As set forth below and in Mr. Roman's annexed affidavit, Mr. Roman did not
10 make the offending phone calls nor did he cause the offending phone calls to be
11 made. Accordingly, the court cannot exercise general or specific personal
12 jurisdiction over Mr. Roman and all claims against him must be dismissed pursuant
13 to FRCP. R. 12 (b) (2).

**B. Rule 12(b)(6)**

15 Plaintiff failed to plead the elements necessary to sustain TCPA claims,
16 including, *inter alia*, that the calls were received without prior express written
17 consent. Given the allegations indicating that some or all of the calls at issue have
18 either been fully adjudicated or are presently being adjudicated in small claims
19 court, plaintiff's claims are barred by way of *res judicata*. Further, insofar as the
20 Complaint seeks redress for calls that are outside the four-year statute of limitations,
21 dismissal is appropriate.

**C. 12(b)(5)**

23 Under 12(b)(5), the case should be dismissed because plaintiff cannot
24 demonstrate good cause for his service of process delay and for his service of an
25 improper summons. Under Rule 4(m), service is required within 90 days of filing a
26 complaint. Here, however, the Complaint was served 147 days after the Complaint
27 was filed.

28

4005338

### D. 12(b)(4)

Dismissal is also appropriate because a single Summons and Complaint was served upon David Roman, but the Summons does not identify the defendant (i.e. it does not indicate whether Mr. Roman is being served as an individual or whether Mr. Roman is being served as an agent of the corporate defendants).

## III.   ARGUMENT

**A.   All Claims Against Mr. Roman Must Be Dismissed for Lack of Personal Jurisdiction.**

### 1.   Legal Standard for Personal Jurisdiction.

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss an action for lack of personal jurisdiction.  When a nonresident defendant raises a challenge to personal jurisdiction on a motion to dismiss, the plaintiff bears the burden to establish that jurisdiction is proper. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007).  Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which it sits. *See* Fed. R. Civ. Pro. 4(k)(1)(A); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).  Here, there is no applicable federal statute governing personal jurisdiction for the alleged actions and thus this Court should look to California's long-arm statute in determining whether there is personal jurisdiction over Mr. Roman.  California's long-arm statute allows courts to exercise jurisdiction over a defendant "on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Code § 410.10. Therefore, California courts consider whether the assertion of personal jurisdiction over the defendant violates the Due Process Clause of the United States Constitution. *Birzer v. Jockey's Guild, Inc.*, 444 F. Supp. 2d 1005, 1008 (C.D. Cal. 2006). Accordingly, in order for this Court to properly exercise personal jurisdiction over Mr. Roman, it must be shown that Mr. Roman has "certain minimum contacts" with California "such that the maintenance of the suit does not offend 'traditional notions

4

1  of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S.
2  310, 316, 66 S.Ct. 154, 90 L.ED. 95 (1945).

3      There are two bases for personal jurisdiction over a non-resident defendant:
4  "(1) 'general jurisdiction' which arises when a defendant's contacts with the forum
5  state are so pervasive as to justify the exercise of jurisdiction over the defendant in all
6  matters; and, (2) 'specific jurisdiction' which arises out of a defendant's contacts with
7  the forum state giving rise to the subject litigation." *Birzer*, *supra,* 444 F. Supp. 2d at
8  1008. "Unless a defendant's contacts with a forum are so substantial, continuous, and
9  systematic that the defendant can be deemed to be 'present' in that forum for all
10  purposes, a forum may exercise only 'specific' jurisdiction – that is, jurisdiction based
11  on the relationship between the defendant's forum contacts and the plaintiff's claim."
12  *Yahoo! Inc. v. La Ligue Contre Le RAcisme Et L'Antisemitisme*, 433 F.3d 1199, 1205
13  (9th Cir. 2006).

14      As set forth below, Mr. Roman is not subject to either general or specific
15  jurisdiction in California.  Accordingly, the Court should dismiss all claims in the
16  Complaint against him.

17      **2.**     **Mr. Roman Is Not Subject To General Personal Jurisdiction.**
18      Mr. Roman is not subject to general personal jurisdiction in California because
19  he has no contact with the state.  For general jurisdiction to exist over a nonresident
20  defendant, the individual defendant must have engaged in "continuous and systematic
21  general business contacts" that "approximate physical presence" in the forum state.
22  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).  The
23  claim for relief need not be related to those contacts, but the contacts must be
24  "substantial". *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408, 414-
25  16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (general jurisdiction exists when a
26  defendant is domiciled in the forum state or his activities there are "substantial" or
27  "continuous and systematic.")  In the Ninth Circuit, this standard is high. *Brand v.*

28

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338

1  *Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) ("Our cases demonstrate that

2  "substantial" is intended to be a fairly high standard."); ); *Gates Lear Jet Corp. v.*

3  *Jensen*, (9th Cir. 1984) (finding that defendant's telephone calls, faxes, and travel to

4  Arizona "more occasional than continuous, and more infrequent than systematic" and

5  thus did not establish general personal jurisdiction).

6  In determining whether systematic and continuous contact exists to support the

7  exercise of general jurisdiction, courts consider whether the defendant makes sales,

8  solicits, or engages in business in the state, serves the state's markets, designates an

9  agent for service of process, holds a license, or is incorporated there. *Hirsch v. Blue*

10 *Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986); *Tuazon v.*

11 *R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006) ("Longevity,

12 continuity, volume, economic impact, physical presence, and integration into the

13 state's regulatory or economic markets are among the indicia of such a presence").

14 Even where a defendant has some contact with California, general personal

15 jurisdiction cannot be established unless those contacts are "continuous and

16 systematic". *See Birzer, supra,* 444 F. Supp. 2d at 1009 (holding that the court could

17 not exercise general jurisdiction over a non-resident defendant even though the

18 defendant had contact with a California resident and conducted sales and marketing

19 activity through an agent in California).

20 Here, the Complaint is wholly bereft of any allegations that Mr. Roman is

21 domiciled in California or has any contact at all with the state, much less the

22 "substantial" or "continuous and systematic" contact required for general jurisdiction.

23 Moreover, as demonstrated by his declaration, Mr. Roman, *inter alia*: a) does not have

24 an office or place of business in the State of California; b) does not live in California;

25 c) does not hold title to any real property in California; d) does not maintain any bank

26 accounts or other financial accounts in California; e) does not pay taxes in California;

27 f) does not have telephone listings in California; g) does not have any agents, servants

28

or employees that live in California; and h) does not maintain a post office box or other mailing address in California. (Exhibit B, ¶¶ 7-13 Roman Decl).  Mr. Roman performs his job duties and responsibilities from Connecticut, not from California. (Exhibit B, ¶3 Roman Decl).   Thus, the Roman Declaration affirmatively demonstrates that Mr. Roman does not have substantial or continuous and systematic contacts with the state, and the Complaint does not allege otherwise.

### 3.   Mr. Roman is Not Subject to Specific Personal Jurisdiction.

Mr. Roman is not subject to specific personal jurisdiction in California because he does not have sufficient contact within California and has not personally availed himself of the privileges and benefits of transacting business in the state.   The Ninth Circuit analyzes specific jurisdiction according to a three-prong test: (1) the nonresident defendant must purposefully direct his activities at the forum state or purposefully avail himself of the benefits and protections of the laws of the forum state, (2) the claim must be one which arises out of or relates to the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must be reasonable. *Yahoo! Inc*., *supra,* 433 F.3d at 1205-1206.  Plaintiff bears the burden of satisfying the first two prongs of the test.  *Schwarzenegger, supra*, 374 F.3d at 802.

### i.   Mr. Roman has not purposefully availed himself of the privileges of conducting activities in California

To satisfy the first prong, a plaintiff must demonstrate that the defendant "either purposefully availed itself of the privilege of conducting activities in the forum, or purposefully directed its activities at the forum." *Washington Shoe Co., v. A-Z Sporting Goods, Inc*., 704 F.3d 668, 672 (9th Cir. 2012).   This "purposeful direction/purposeful availment" prong is analyzed under the three-part "effects" test set forth in *Calder v. Jones*, 465 U.S. 783, 79 L.Ed.2d 804, 104 S.Ct. 1482 (1984), which requires the plaintiff to demonstrate that the defendant (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Yahoo! Inc., supra*, 433

7

1   F.3d at 1206.

2   The "purposeful availment" requirement is satisfied if the defendant has taken

3   deliberate action within the forum state or directed his activities towards California.

4   *Hirsch, supra,* 800 F. 2d at 1478.  The fact that it is foreseeable that a defendant's

5   conduct would cause injury in California is insufficient by itself to subject him to

6   jurisdiction.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980);

7   *Terracom v. Valley Nat. Bank*, 49 F. 3d 555, 560 (9th Cir. 1995).  Rather, "[t]he

8   forseeability that is critical to due process analysis…is that the defendant's conduct

9   and connection with the forum State are such that he should reasonably anticipate

10  being haled into court there." *World-Wide Volkswagen Corp., supra*, 444 U.S. at 297.

11  This requirement prevents the exercise of jurisdiction over defendants by way of

12  "random, fortuitous, or attenuated contacts." *Id.*

13  The allegations related to Mr. Roman cannot meet the requirements of the

14  effects test and, therefore, cannot satisfy the first prong of the specific jurisdiction

15  analysis.  First, the allegations related to Mr. Roman are broad, conclusory and

16  wholly insufficient to establish that he committed any intentional, deliberate act

17  expressly aimed at California.  In *Kirsch v. Cuadra* 2005 U.S. Dist. LEXIS 25386

18  (N.D. Cal. 2005), plaintiff sued a limited liability company and its employee,

19  alleging that they violated the Telephone Consumer Protection Act by sending

20  unsolicited advertisements to plaintiff's fax machine.  The court granted individual

21  defendant's 12(b)(2) motion, concluding that Plaintiff's conclusory allegations were

22  insufficient to demonstrate that the individual defendant purposefully availed

23  himself of the privilege of conducting activities in California or that he purposefully

24  directed his conduct toward California.  *Id.* at 24.   Here, plaintiff similarly fails to

25  plead or proffer statements or facts demonstrating, as a threshold matter, that this

26  court can exercise personal jurisdiction over Mr. Roman.

27

28

Moreover, there is no logical support for the proposition that Mr. Roman engaged in conduct specifically targeted towards California simply by virtue of being an officer of the corporate defendants.   As demonstrated by his annexed declaration, any actions by Mr. Roman relating in any way to California were merely incidental to his obligations to perform his corporate duties.  Therefore, Mr. Roman has not had any contacts with California that could constitute "purposeful availment." Under these circumstances, where Mr. Roman has no contact with California, has not purposefully availed himself of the benefits of the state, and has not injected himself into specific forum-related activity, he simply cannot be subject to specific personal jurisdiction in California.

### ii.   Roman's contacts with California, if any, are not the "but for" cause of Plaintiff's claims against him

Even if Plaintiff could demonstrate that Mr. Roman had some contacts with California, he cannot meet the second requirement for specific jurisdiction, which requires that the contacts are a "but for causation" giving rise to the suit.  *Bancroft & Masters, Inc.*, *supra,* 223 F.3d at 1087 (*citing Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995).  The "but for" test requires that there be some nexus between the cause of action and the defendant's activities in the forum.  *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 385 (9th Cir. 1990).  Since Plaintiff has not alleged any contacts or activities that Mr. Roman has within California that could constitute "purposeful availment," there is no "but for" causation here.  The allegations, as pled, do not relate to any actions by Mr. Roman in California.

### iii.   The exercise of jurisdiction over Mr. Roman would be unreasonable

For jurisdiction to be reasonable, it must comport with fair play and substantial justice.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L.Ed2d 528 (1985).  The reasonableness determination requires the consideration of several specific factors: (1) the extent of the defendant's purposeful interjection into

9

the forum state, (2) the burden on defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and, (7) the existence of an alternative forum. *Ziegler, supra*, 64 F.3d at 474-75.

Here, none of these specific factors apply to Mr. Roman. As demonstrated by the Roman Declaration, Mr. Roman did not extensively interject himself in activity in California. Second, it would be burdensome for Mr. Roman to travel to California to defend the case. Even if, arguendo, the burden on Mr. Roman is equal to the burden that litigating in Connecticut, or another forum, would impose on plaintiff, this factor would still weigh against personal jurisdiction over Mr. Roman. *See, Ziegler, supra,* 64 F.3d at 475 (holding that where the burden imposed on defendants by litigating in the forum would be equal to litigating elsewhere, this factor should weigh in favor of defendants).

The remaining factors should resolve in Mr. Roman's favor because Plaintiff's Complaint does not include allegations suggesting a potential conflict with California's and any other state's sovereignty or facts demonstrating the importance of a California forum to Plaintiff's interest in convenient and effective relief. Indeed, inconvenience to the plaintiff is generally given little weight. *Ziegler, supra*, 64 F.3d at 476; *Core-Vent Corp. v. Nobel Indus.*, 11 F.3d 1482, 1486 (9th Cir. 1993) ("A mere preference on the part of the plaintiff for its home forum does not affect the balancing [of the reasonableness factors]"). As to the final factor, Plaintiff bears the burden of proving that an alternative forum is unavailable. *Core-Vent Corp., supra*, 11 F.3d at 1490. Plaintiff simply cannot meet this burden as this action could be litigated in another forum, including Connecticut. Accordingly, the three-prong test for specific personal jurisdiction cannot be satisfied as to Mr. Roman and the Complaint should be dismissed as to Mr. Roman.

10

4005338

### 4.     Mr. Roman's Role as Officer Is Not a Valid Basis Upon Which to Assert Personal Jurisdiction

Plaintiff makes only broad, general allegations against Roman, which Mr. Roman has specifically denied and refuted in his declaration.  Without more, the fiduciary shield doctrine applies to Roman, which states that "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to assert [specific] jurisdiction over the person." *Davis v. Metro. Prod., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989); *see also United States Liability Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal.3d 586, 595 (1970) ("Directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position[.]")  In other words, "the corporate form serves as a shield for the individuals involved for purposes of liability as well as jurisdiction[.]"  *Id.*  The doctrine is subject to two exceptions: "(1) where the corporation is the agent or alter ego of the individual defendant; or (2) by virtue of the individual's control of, and direct participation in, the alleged activities." *Wolf Designs, Inc. v. DHR & Co.*, 322 F.Supp.2d 1065, 1072 (C.D. Cal. 2004).

Here, Plaintiff does not allege that the corporate defendants are the alter egos of Mr. Roman.  Moreover, the averments related to Mr. Roman are simply too vague and conclusory to suggest that he has the requisite degree of participation or control in the activities giving rise to plaintiff's cause of action.  Cases within the Ninth Circuit that have found jurisdiction and/or personal liability on the part of corporate officers must involve "instances where the defendant was the 'guiding spirit' behind the wrongful conduct … or the 'central figure' in the challenged corporate activity.'" *Davis, supra*, 885 F.2d at 524.  Here, however, Plaintiff does not allege that Mr. Roman was the "guiding spirit" or "central figure" in the corporate activities at issue.  At most, Plaintiff's allegations indicate that Mr. Roman plays a broad, managerial role within the company. *See Brown v. General Steel Domestic Sales, LLC*, 2008 WL

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338

2128057, at *12 (C.D. Cal. May 19, 2008) (ruling that the "mere fact that [the individual defendant] is [the corporation's] president is not sufficient to subject him to jurisdiction in California or give rise to an inference that he is the 'guiding spirit' behind the claimed tortious conduct); *see also Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781, n. 13, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) ("…jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him…").

Plaintiff's boilerplate allegation do not create any basis for this court to exercise personal jurisdiction.  To wit, plaintiff merely asserts "on information and belief that Defendant Roman knew the calls described above were being made and did nothing, or was willfully and recklessly ignorant of the fact his company and/or its agents were making the calls described above.  This included hiring in the ordering, procuring, and transmission of telemarketing calls including those complained of herein…".  (Exhibit A, Complaint, ¶ 36).  *See Clerkin v. MyLife.com, Inc.*, 2011 U.S. Dist. LEXIS 90552 (N.D. Cal. Aug. 15, 2011), (ruling that plaintiffs did not meet their burden to show specific personal jurisdiction over an individual defendant who was the corporate defendant's "Vice President of Emerging Business" where plaintiff's only allegations about him were that he "conspired with" others "to perpetuate" a fraudulent scheme and "personally performed acts" in support of a fraudulent scheme because those allegations "[did] not afford any insight into how [he] controlled or directly participated in the alleged fraudulent scheme"); *Just Film, Inc. v. Merch. Servs.*, 2010 U.S. Dist. LEXIS 130230 (N.D. Cal. Nov. 29, 2010) (ruling that plaintiffs did not meet their burden to show specific personal jurisdiction over certain individual defendants where plaintiffs alleged only that those individual defendants directed and controlled the entities alleged to have engaged in the wrongful conduct and did not allege how those individual defendants directed or controlled those entities).  Plaintiffs in *Clerkin* and *Just Film, Inc.* went

4005338

much further in alleging specific facts than Plaintiff does here, but were still unable to establish specific personal jurisdiction over corporate officer defendants

Indeed, in another case initiated by this plaintiff, i.e, *Moser v. Health Ins. Innovations, Inc*., No. 3:17-cv-1127-WQH-KSC, 2018 U.S. Dist. LEXIS 3237 * 14 (S.D. Cal. Jan. 5, 2018), this court held as follows:

> The FAC includes only one allegation that describes Donisi and Jaxtheimer's involvement with the Nationwide Calls.  Moser "alleges on information and belief that Donisi and Jaxtheimer made the [Nationwide Calls], ordered them made, knew [they] were being made and did nothing, or were willfully and recklessly ignorant of the fact their company was making [them]."  The Court is not required to accept conclusory allegations as true even if they are made on "information and belief" and the facts are solely within the possession of the defendants. *Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926-27 (9th Cir. 2013). This allegation does not contain factual material that would permit the Court to disregard Nationwide's corporate form and assert jurisdiction over Donisi and Jaxtheimer as individuals. Moser has not fulfilled his "burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). The Court concludes that, based on the allegations in the FAC, it does not have personal jurisdiction over Donisi and Jaxtheimer.

Given Plaintiff's bare-bones allegations and Mr. Roman's annexed declaration, the Complaint should be dismissed as to Mr. Roman for lack of personal jurisdiction.

4005338

## B.   Plaintiff's Complaint is Fatally Flawed on its Face and, must be Dismissed Pursuant to FRCP 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a) (2). Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *see* Fed.R.Civ.P. 12(b)(6).  A dismissal for failure to state a claim is brought under Federal Rule of Civil Procedure Rule 12(b)(6) and may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

When the court reviews a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party.  *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).   But, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint or matters properly subject to judicial notice, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010).  Mere legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  *Koenig v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 179891, 1-3 (E.D. Cal. Dec. 23, 2013).

### 1. Plaintiff has failed to plead the elements necessary to sustain TCPA claims

In order to sustain a TCPA claim, Plaintiff must plead, *inter alia*: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent. 47 U.S.C.S. § 227(b)(1). See *Meyer v. Portfolio Recovery Assocs., Ltd. Liab. Co.,* 707 F.3d 1036, 1040 (9th Cir. 2012).   A plain reading of Plaintiff's complaint indicates that Plaintiff has failed to adequately plead these elements because there are zero factual averments in the Complaint that the offending calls were made without Moser's prior express consent.  This necessitates dismissal as a matter of law.

### 2. Plaintiff's Claim is Barred by the Doctrine of Res Judicata

The doctrine of *res judicata* or claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties … on the same cause of action." *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir. 1982), citing *Ross v. Int'l Bhd. of Elec. Workers,* 634 F.2d 453 (9th Cir. 1980).  In the 9th Circuit, the "crucial question is whether [plaintiff] has stated in the instant suit a cause of action different from those raised in [the] first suit." *Id*. And, "this circuit approaches that crucial question by applying several criteria to determine whether successive lawsuits involve a single cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Here, while somewhat unclear from plaintiff's Complaint, plaintiff appears to seek redress for "11 calls" from 5/14/15 through 7/13/16 (Exhibit A, Complaint, ¶ 29).  But, he alleges: "Plaintiff filed two more small claims action on 10/22/2015, in

San Diego Superior Court…". (Exhibit A, Complaint, ¶ 22).  Further, he alleges "Plaintiff has since filed 22 other small claims actions against some or all of the Defendants of which six are on calendar for future trial, 15 were adjudicated in favor of Plaintiff by default and six of these have been satisfied through collection efforts."  (Exhibit A, Complaint, ¶ 24).

As such, plaintiff's Complaint demonstrates on its face that plaintiff asserted or could have asserted the same TCPA claim(s) against defendants in the dozens of small claims matters plaintiff apparently initiated against defendants on 10/22/2015 and "since" 10/22/2015."  Accordingly, plaintiff's TCPA claim is barred.

### 3.  Dismissal is Appropriate Insofar as Plaintiff's TCPA Claim is based on calls allegedly received before 5/3/15

As set forth above, Plaintiff's Complaint makes reference to calls preceding 5/3/15.  To the extent Plaintiff is seeking recovery under the TCPA for those calls, his claims are barred by the statute of limitations.  *See, e.g. Lofton v. Verizon Wireless (VAW) LLC,* 308 F.R.D. 276, 281 (N.D. Cal. 2015) (The TCPA has a four-year statute of limitations).

### C. Plaintiff's Complaint Must be Dismissed Pursuant to 12(b)(5)

FRCP 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) requires a two-step analysis to determine whether to extend the 90 limitation.  "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the

discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). At a minimum good cause means "excusable neglect." *Id.* (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)). "Good cause" means "that service has been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control." *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998) (quoting *Mateo v. M/S KISO*, 805 F. Supp. 792, 795 (N.D. Cal. 1992)).

Notably, ignorance of the law does not constitute "good cause" for a failure to serve, even in the context of *pro se* litigants. *See Sipes v. Galaxy Airlines, Inc.*, 119 F.R.D. 691, 693 (D. Nev. 1988) (confusion regarding the court's notice of intent to dismiss for lack of service is not good cause for a *pro se* plaintiff's failure to effect timely service); *cf. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (*pro se* litigants must follow the same rules of procedure that govern other litigants).

Here, dismissal under 12(b)(5) is appropriate given that the Complaint was served 147 days after the Complaint was filed. (Exhibit B, Roman Decl. ¶ 17).

**D. Plaintiff's Complaint Must be Dismissed Pursuant to 12(b)(4)**

Fed. R. Civ. P. 12(b)(4) allows defendants to move to dismiss for insufficient process. Challenging the sufficiency of process "is proper only to challenge noncompliance with . . . any applicable provision . . . that deals specifically with the content of the summons." 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.). The content requirements for a summons are enumerated in Fed. R. Civ. P. 4(a). As set forth therein, the summons must "be directed to the defendant." Fed. R. Civ. P. 4(a).

Here, a single Summons and Complaint was served upon David Roman, but the Summons does not identify the defendant, i.e. it does not indicate whether Mr. Roman is being served as an individual or whether he is being served as an agent of the corporate defendants. (Exhibit B, Roman Decl. ¶ 17). This violation of Fed. R.

Civ. P. 4(a) is prejudicial inasmuch as it deprives defendants from knowing who has actually been served and whether and when to respond to the Complaint.

## IV.   CONCLUSION

Plaintiff cannot establish that this Court can exercise personal jurisdiction over Mr. Roman.  Accordingly, the Complaint should be dismissed under FRCP. R. 12(b)(2) as to Mr. Roman for lack of personal jurisdiction.   Furthermore, Plaintiff's Complaint must be dismissed in its entirety, and with prejudice, pursuant to FRCP. R. 12(b) (6).  Finally, dismissal is warranted under FRCP R. 12(b) (4) and 12(b)(5).

Dated: October 21, 2019

Respectfully Submitted,

By /s/ _____

David R. Shoop (SBN: 220576)
Thomas S. Alch (SBN: 136860)
SHOOP | A PROFESSIONAL LAW
CORPORATION
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
*david.shoop@shooplaw.com*
*thomas.alch@shooplaw.com*

Joseph Lipari (pro hac anticipated)
THE SULTZER LAW GROUP, P.C.
liparij@thesultzerlawgroup.com
The Sultzer Law Group, P.C.
270 Madison Avenue, Suite 1800
New York, NY 10016
Tel: (917) 444-1960

*Counsel for Defendant David Roman*

4005338

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on plaintiff by Federal Express overnight mail on October 21, 2019, and by overnight mailing it on October 21, 2019 to:

**Kenneth Moser**

**11289 Spica Drive**

**San Diego, CA 92126**

Joseph Lipari

Sworn to before me this
21st day of October, 2019

NOTARY PUBLIC

Amanda Kaatz Ciulla
Notary Public State of New York
01KA6212207
Qualified in Dutchess County
Commission Expires  10/3/21

DEFENDANT DAVID ROMAN'S MOTION TO DISMISS

4005338