Justin Prato Esq, SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92108
Telephone: 619-886-0252
Facsimile:  619-241-8309

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER,<br><br>    Plaintiff.<br><br>  v.<br><br>LIFEWATCH INC., et. al.<br><br>    Defendants. | Case No.: 19-cv-831-MMA-BLM<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FILED BY MEDGUARD ALERT INC. AND LIFEWATCH INC.**<br><br>Hon. Michael M. Anello<br>Motion Date: January 6, 2020<br><br>**No Oral Argument unless requested by the Court** |

## INTRODUCTION

This Opposition is filed on behalf of Plaintiff Mr. Kenneth Moser ("Moser" or "Plaintiff") in opposition to the Motion to Dismiss for Failure to State a Claim, Insufficient Service of Process, and Insufficient Service filed by the Defendants MEDGUARD ALERT, INC. and LIFEWATCH INC. (hereinafter collectively "Defendants").  This Opposition is based on this memorandum of points and authorities, the First Amended Complaint and all other documents in the record.

Plaintiff requests the Court deny the Defendants' motion for the reasons herein.

Defendants have mixed and matched various different Rule 12 motions in a single motion. Plaintiff addresses each in order in the Argument section below.

## STATEMENT OF FACTS

This case stems from a long-standing set of telemarketing disputes between Moser and the Defendants. [Declaration of Kenneth Moser ("Moser Decl.") ¶2.] Moser began receiving calls from the Defendants in 2014. [Moser Decl. ¶3.] After receiving repeated telemarketing calls Moser began filing suit against the Defendants, first in small claims court and then filing this case for new calls made after those litigated in small claims. [Moser Decl. ¶4.] Moser has adjudicated, settled or obtained default against the Defendants in many of the small claims cases. [Moser Decl. ¶5.] This did not, however, persuade Defendants to stop calling. [Moser Decl. ¶6.] So, Moser filed this case on May 3, 2019 for the new calls. [Moser Decl. ¶7.]

Once this case was filed Moser then set out to try to serve the complaint. [Moser Decl. ¶8.] Moser waited for the summons, which was issued a few days later. [Moser Decl. ¶9.] He began looking for out of state process servers in the Northeast where Defendants reside. [Moser Decl. ¶10.] However, Moser was travelling out of state with family during the month of June which cut this short. When he returned he began looking for process servers again. [Moser Decl. ¶11.] In late July and early August, he tried contacting numerous process servers who could do the service. [Moser Decl. ¶12.] After having numerous people promise to call him back, none of whom did, Moser was finally able to reach a process server who assured him that that he could perform the service. [Moser Decl. ¶13.] His name was Andrew Esposito, of Connecticut Legal Process Service who claimed to be ex law enforcement. [Moser Decl. ¶14.] After some back and forth communication, Moser emailed Mr. Esposito all the paperwork to be served on

August 26, 2019. [Moser Decl. ¶15.] Mr. Esposito charged Moser's American Express card the next day for $130.94 for the initial service. [Moser Decl. ¶16.] Mr. Esposito was to handle Connecticut service himself and arrange service for the other defendants in New York, which he assured Moser that he could do. [Moser Decl. ¶17.] After two weeks Moser started getting concerned and contacted Mr. Esposito. [Moser Decl. ¶18.] Mr. Esposito responded that he sent the documents to New York. Mr. Esposito asked for and received a second credit card authorization on September 12, 2019. [Moser Decl. ¶19.] Mr. Esposito then told Moser the Connecticut service was done and would email Moser the proofs. [Moser Decl. ¶20;23.] Mr. Esposito sent Moser an email on September 24, 2019 claiming the proofs were attached, however, they were not. Mr. Esposito apologized the next day and said his secretary would resend them, but never did so. [Moser Decl. ¶23;24.] After this Mr. Esposito stopped returning phone calls, and Moser did some investigation on him online and found out he is apparently a con man who does this to many people. [Moser Decl. ¶25.]

On September 27, 2019, Moser hired another firm, Direct Process Server LLC, that was able to serve all the documents on all Defendants on September 30, 2019. [Moser Decl. ¶26.] The case proceeded and the Defendants moved to dismiss under Rule 12 at which point Moser amended the complaint to the First Amended Complaint ("FAC"). Defendants again moved to dismiss.

## ARGUMENT

### 1. RE RULE 12(b)(4) THERE WAS SUFFICIENT SERVICE OF PROCESS ON THE DEFENDANTS

In this case the only argument raised by the Defendants as to the service of process is that,

"A single copy of the original Summons and Complaint was served upon

David Roman, but the Summons does not identify the defendant, i.e., it does not indicate whether Mr. Roman is being served as an individual or whether he is being served as an agent of the Lifewatch and/or Medguard." [Motion To Dismiss pg 7, ln. 16-22 (hereinafter noted in the form 7:16-22)].

This is a Rule 12(b)(4) challenge to for defects in the form of summons as laid out in Rule 4(m).

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Comm'l Workers Union v. Alpha Beta Co*. 736 F2d 1371, 1382, (9th Cir. 1984), *citing*, *FTC v. Compagnie de Saint-Groban-Pont-A-Mousson*, 636 F.2d 1300, 1312 n.61 (D.C. Cir. 1980). As long as a defendant has received sufficient notice of the complaint, dismissal generally will not be ordered for defects in the summons. *Id*. Even significant defects not present here like a summons not naming all defendants or stating an incorrect time to answer do not alone justify dismissal. *Id*. Dismissal is not justified unless defendant can show some resulting prejudice. *Id*.

Defendants do not claim or identify any actual prejudice or lack of notice. Mr. Roman claims only that he was confused as to whether he or his company had been served or both, but thereby admits that all of them were made well aware of the lawsuit and time to respond. [Motion To Dismiss, 7:16-22]. And, based on this notice and actual knowledge, they have all appeared and filed motions. Defendant's appearance in the action is "enough to prevent any technical error in form from invalidating the process." *Id*., *see also*, *Great Plains Crop Management, Inc. v. Tryco Mfg. Co., Inc*. 554 F.Supp. 1025, 1028 (D. MT 1983) (even significant summons defect easily cured once Defendant appears by amending and ordering service upon Defendant's counsel).

Here Defendants have not shown any prejudice so the Rule 12(b)(4) motion should be denied, or the defect should be amended *nunc pro tunc*.

Opposition to Motion to Dismiss

## 2. RE RULE 12(b)(5) THE FAC SHOULD NOT BE DISMISSED FOR SERVICE OVER 90 DAYS AFTER FILING

In this case the Defendants argue that the FAC should be dismissed because it was not served within ninety (90) days of the issuance of the summons. The complaint was filed on May 3, 2019, and was served on the Defendants on September 30, 2019. While this is more than ninety (90) days after the issuance of the summons, the FAC should not be dismissed under Rule 4(m) because the service issues created 'good cause' for the delay.

If a plaintiff shows good cause for the failure to effect timely service, "the court must extend the time for service for an appropriate period." FRCP 4(m); *Crispin-Taveras v. Municipality of Carolina* 647 F3d 1, 4 (1st Cir. 2011). A showing of good cause requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Nanyonga v. INS* 200 FRD 503, 506 (M.D. Pa. 2001); *see also*, *Mateo v. M/S KISO* 805 F.Supp. 792, 795 (N.D. Cal. 1992), *abrogated on other grounds*, *Brockmeyer v. May* 383 F3d 798 (9th Cir. 2004). Good cause generally means "that service had been attempted but not completed, that plaintiff was confused about the requirements of service, or that plaintiff was prevented from serving defendants by factors beyond his control". *Mateo*, supra. In this case the Plaintiff was diligent in his attempt to serve the complaint.

Moser filed the complaint on May 3, 2019, which was two days before the statute of limitations began to expire on most of the calls. [Moser Decl. ¶27.] Moser is not an attorney and the Defendants are located across the country. [Moser Decl. ¶28;29.] Moser diligently began looking for process servers after filing, but then was gone on pre-planned trip in June. [Moser Decl. ¶7-9.] When he returned, he contacted process servers but did not get call backs until a Mr. Esposito contacted him and agreed to do the service. [Moser Decl. ¶11-23.]

Moser hired Mr. Esposito, but Mr. Esposito then never actually completed the service.  [Moser Decl. ¶14-23.]  Moser then found out that Mr. Esposito was a con man who would hold himself out as a process server and steal people's money.  [Moser Decl. ¶25.]  The whole incident with Mr. Esposito cost Moser a lot of time.  Once he hired a new process server, on September 27, 2019 the documents were served within three days on September 30, 2019.

Plaintiff made conscientious attempts to serve the Defendants and had an intervening delay caused by an unscrupulous process server, and that should be good cause.  Additionally, Defendants have not provided any evidence of how they were prejudiced by the delay and this is an additional factor to support good cause.  *See, Feingold v. Hankin* 269 F.Supp.2d 268, 276 (S.D. N.Y. 2003) ("In determing good cause, courts have considered [inter alia] . . . whether there is any prejudice to the defendants as a result of the delay.").

Based on the above the Court should deny the Defendants' motion under Rule 12(b)(5).

### 3. RE RULE 12(b)(6) THE FIRST AMENDED COMPLAINT STATES A CAUSE OF ACTION

The Defendants' argument that the FAC does not state a claim for relief is meritless.  The Defendants mistakenly argue that they think Plaintiff is trying to re-litigate claims already filed in prior small claims actions against Defendants which would be barred by *res judicata*. Defendants are in error.

The FAC clearly states, "Plaintiff filed two [] small claims actions on October 22, 2015, in San Diego Superior Court case numbers 37-2015-00327094-SC-SC-CTL and 37-2015-00327095-SC-SC-CTL concerning calls **not alleged in this complaint**."  FAC ¶27 (emphasis added).  The FAC further states: "**While the**

**calls made in the other cases are not alleged as part of this action**, they are relevant because it shows that Defendants were on notice that Plaintiff was receiving calls, and shows the Defendants' willfulness of their actions." FAC ¶30. Defendants have made a factual error about which of their many illegal calls are in issue here.

The longstanding rule in a 12(b)(6) motion is that the factual statements of the FAC must be taken as true and all inferences drawn in Plaintiff's favor. *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977); *Mendocino Environmental Center v. Mendocino County*, 14 F.3d 457, 460 (9th Cir. 1994). The FAC twice expressly states that the calls at issue in this case are new and were not part of the prior small claims actions with this Defendant. Furthermore, even though a Rule 12(b)(6) motion is a motion on the pleadings judicial notice facts are allowed and Defendants could have simply noticed a small claims filing if any of the calls were overlapping, but they did not because they could not because there is no overlap. Since the calls are the entire gravamen of the claims and each new call is a new claim, there simply is no *res judicata*.

Therefore, the Rule 12(b)(6) motion to dismiss should be denied.

## ALTERNATIVE REQUEST TO AMEND OR SERVE

Should the Court grant any part of these jumbled motion(s) which can be cured by amendment, Plaintiff requests the right to amend the complaint. Leave to amend should be granted liberally. *Forman v. Davis*, 371 U.S. 178, 182 (1962), *see also*, *e.g.*, *DCD Programs Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Additionally, should the Court grant the motion on the basis of Rule 12(b)(5) and the ninety (90) day service timeline, Plaintiff requests the additional time to complete the service. Absent "good cause," extending time to complete service is

"appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action. *Henderson v. United States* 517 US 654, 662-663, (1996); *see also*, *United States v. McLaughlin* 470 F3d 698, 700 (7th Cir. 2006*); Lemoge v. United States*, 587 F3d 1188, 1198 States (9th Cir. 2009); *Efaw v. Williams* 473 F3d 1038, 1040-1041(9th Cir. 2007) (In making extension decisions under Rule 4(m), courts may consider factors such as; a statute of limitations bar; prejudice to the defendant; defendant having actual notice of the lawsuit; defendant evading service; defendant concealing defect in attempted service; and length of delay before eventual service). Even if the Court could find a lack of "good cause" for failure to timely serve defendant, a district court should consider whether a permissive extension of time is warranted under the equities of the case. *Panaras v. Liquid Carbonic Indus. Corp*. 94 F3d 338, 341(7th Cir. 1996); *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995); *Petrucelli v. Bohringer & Ratzinger, GmBH Ausdereitungsanlagen* 46 F3d 1298, 1305 (3rd Cir. 1995); *Horenkamp v. Van Winkle & Co., Inc*. 402 F3d 1129, 1133(11th Cir. 2005). As Plaintiff stated above, the original complaint was filed shortly before the statute of limitations expired. This is obvious from the dates of the calls alleged in the FAC paragraph thirteen (13) and the operative four-year statute of limitations. 28 U.S.C. § 1658.

In this case the Plaintiff would be prejudiced from failure to extend the service time line by losing several causes of action to the statue of limitations. [Moser Decl. ¶27.] Defendants have not even argued any evidence of prejudice to them since they have actual knowledge of the lawsuit and the relatively short delay did not impact them in any way. Under these circumstances, if the Court does not find "good cause" for the delayed service the Court should extend the service deadline and grant Plaintiff the opportunity to re-serve the FAC on Defendants' counsel.

Additionally, should the Court grant the Defendant's motion under Rule 12(b)(4) for the alleged summons/service defect Plaintiff requests that the FAC not

be dismissed, only that service be quashed, allowing him to re-serve the defendants and to serve them through counsel who have now appeared. Generally, if it appears that effective service can be made and there has been no prejudice to the defendant, the court will quash service rather than dismiss the action. *Umbenhauer v. Woog* 969 F2d 25, 31 (3rd Cir. 1992); *Hill v. Sands* 403 F.Supp. 1368, 1370 (N.D. Ill. 1975). This enables the plaintiff to cure any defects in the summons form, and re-serve the defendant in a proper manner. *See, Myers v. John Deere, Ltd*. 683 F2d 270, 272 (8th Cir. 1982). A quash is even more appropriate when there is a statute of limitations issue like in this case. *California Tahoe Regional Planning Agency v. N.S.C., Inc*. 504 F.Supp. 769, 776 (D. Nev. 1980).

Should the Court grant any portion of the Defendants' motion to dismiss, the court should also allow amendment, or time to re-serve the complaint, and not dismiss the FAC.

## CONCLUSION

Based on the foregoing arguments the Court should deny the Motion to Dismiss, or in the alternative allow amendment, or time to re-serve the complaint, and not dismiss the FAC.

DATED: December 23, 2019               **PRATO & REICHMAN, APC**


  __/s/ Justin Prato Esq._____
 By: Justin Prato Esq..
 **Prato & Reichman, APC**
 Attorneys for Plaintiff