Justin Prato Esq, SBN 246968
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92108
Telephone: 619-886-0252
Facsimile:  619-241-8309

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH J. MOSER,<br><br>     Plaintiff.<br><br>  v.<br><br>LIFEWATCH INC., et al.<br><br>     Defendants. | Case No.: 19-cv-831-MMA-BLM<br><br>OPPOSITION TO DEFENDANT DAVID ROMAN'S MOTION TO DISMISS<br><br>Date: January 6, 2020<br><br><br><br>**No Oral Argument unless requested by the Court** |

## INTRODUCTION

This Opposition is filed on behalf of Plaintiff Mr. Kenneth Moser ("Moser" or "Plaintiff") in opposition to the Motion to Dismiss for Failure to State a Claim, Insufficient Service of Process, Insufficient Service lack of Personal Jurisdiction filed by the Defendant, David Roman ("Defendant").  This Opposition is based on this memorandum of points and authorities, the First Amended Complaint ("FAC") and all other documents in the record.

# ARGUMENT

## 1. RE RULE 12(b)(4) THERE WAS SUFFICIENT SERVICE OF PROCESS ON THE DEFENDANTS

The Defendant Roman's argument under Rule 12(b)(4) is identical to the arguments raised by the corporate defendants in their concurrently filed Motion to Dismiss.  Rather than burden the court with unnecessary repetitive legal arguments, Plaintiff incorporates by reference the arguments presenting in his opposition to the corporate defendant's motion to dismiss.

## 2. RE RULE 12(b)(5) THE FAC SHOULD NOT BE DISMISSED FOR SERVICE OVER 90 DAYS AFTER FILING

The Defendant Roman's argument under Rule 12(b)(5) is identical to the arguments raised by the corporate defendants in their concurrently filed Motion to Dismiss.  Rather than burden the court with unnecessary repetitive legal arguments, Plaintiff incorporates by reference the arguments presenting in his opposition to the corporate defendant's motion to dismiss.

## 3. RE RULE 12(b)(6) THE FIRST AMENDED COMPLAINT STATES A CAUSE OF ACTION

The Defendant Roman's argument under Rule 12(b)(6) is identical to the arguments raised by the corporate defendants in their concurrently filed Motion to Dismiss.  Rather than burden the court with unnecessary repetitive legal arguments, Plaintiff incorporates by reference the arguments presenting in his opposition to the corporate defendant's motion to dismiss.

### 4. RE RULE 12(b)(2) CONCERNING PERSONAL JURISDICTION

At this time the Plaintiff does not oppose dismissing Defendant, David Roman from the case on the basis of personal jurisdiction. While Plaintiff does believe that Mr. Roman directed and/or made the calls to California residents, thus establishing jurisdiction, at this time for strategic reasons, Plaintiff will not oppose dismissing Mr. Roman from the FAC, but requests that his dismissal be without prejudice to amend should facts come to light during discovery that more conclusively prove his actions in directing or making the alleged calls.

### CONCLUSION

Based on the foregoing arguments the Court should deny the Motion to Dismiss as to Rule 12(b)(4), Rule 12(b)(5), Rule 12(b)(6), and allow Defendant to be dismissed from the FAC but without prejudice.

DATED: December 23, 2019        **PRATO & REICHMAN, APC**

                                                  __/s/ Justin Prato Esq._____
By: Justin Prato Esq..
**Prato & Reichman, APC**
Attorneys for Plaintiff