David R. Shoop (SBN: 220576)
Thomas S. Alch (SBN: 136860)
SHOOP | A PROFESSIONAL LAW CORPORATION
9701 Wilshire Blvd., Suite 950
Beverly Hills, California 90212
Telephone: (310) 620-9533
Facsimile: (310) 620-6330
david.shoop@shooplaw.com
thomas.alch@shooplaw.com

Attorneys for Defendant
DAVID ROMAN

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

KENNETH MOSER,

    Plaintiff,

vs.

MEDGUARD ALERT, INC, a Connecticut Corporation, Lifewatch Inc., a New York Corporation, also d/b/a Lifewatch USA and Medical ALARM SYSTEMS and LIFEWATCH MOTO, EVAN SIRLIN, individually and as an officer or manager of Lifewatch, Inc., and DAVID ROMAN, individually and as an officer or manager of Lifewatch Inc., and MedGuard Alert, Inc.

    Defendants.

Case No.: 19-cv-831

Date: January 6, 2020
Time:
Ctrm.14B
Complaint Filed: May 3, 2019

No Oral Argument Unless Requested By Court

**DEFENDANT DAVID ROMAN'S REPLY IN FURTHER SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION; FAILURE TO STATE CLAIMS UPON WHICH RELIEF CAN BE GRANTED; INSUFFICIENT SERVICE OF PROCESS; and INSUFFICIENT PROCESS [F.R.C.P 12(b)(2); F.R.C.P.12(b)(4); 12(b)(5); 12(b)(6)]**

1

DEFENDANT DAVID ROMAN'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE FAC

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………...…..i

TABLE OF AUTHORITIES………………………………………………...….ii

The Claims Against Defendant Roman Should be Dismissed With Prejudice….......1

CONCLUSION…………………………………………………………………...3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ewing v. Empire Capital Funding Grp., Inc.*,
 NO. 17cv2507-LAB (MDD),
 2019 U.S. Dist. LEXIS 4945 (S.D. Cal. 2019) .............................................................. 2

*Getz v. Boeing Co.*,
 654 F.3d 852 (9th Cir. 2011) ......................................................................................... 2

*Lamont v. Petrucelli*,
 No. 18-cv-02790-BLF2018 U.S. Dist. LEXIS 116529 (N.D. Cal. Jul.12,
 2018) .............................................................................................................................. 1

*Laub v. United States Dept. of the Interior*,
 342 F.3d 1080, 1093 (9th Cir. 2003)…………………………………………….……..2

*Mackovich v. U.S. Government*,
 No. 06-cv-00422-SMS (PC),
 2008 U.S. Dist. LEXIS 124630 (E.D. Cal. May 13, 2008) ........................................... 2

*Terracom v. Valley Nat. Bank*,
 49 F.3d 555 (9th Cir. 1995) ........................................................................................... 1

**Statutes**

Federal rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) ....................................... 2

FRCP. R. 12(b)(2) ................................................................................................................. 3

FRCP R. 12(b)(6), 12(b)(4) and 12(b)(5) ............................................................................. 3

## I. The Claims Against Defendant Roman Should Be Dismissed With Prejudice

In response to Defendant David Roman's ("Roman") Motion to Dismiss the First Amended Complaint ("FAC") (Dkt. 9), Plaintiff concedes that the FAC fails to establish personal jurisdiction over Roman. *See* Opposition to Defendant David Roman's Motion to Dismiss (Dkt. 14) at p. 3. Plaintiff, however, requests that the claims against Roman be dismissed *without prejudice* for "strategic reasons," specifically the unfounded hope that discovery will reveal that Roman made or directed the phone calls at issue.[1] *See* Dkt. 14, p. 3.

But despite having already had two attempts to plead the requisite facts to show personal jurisdiction over Roman, Plaintiff has failed to do so. *See Lamont v. Petrucelli,* No. 18-cv-02790-BLF2018 U.S. Dist. LEXIS 116529, *2 (N.D. Cal. Jul.12, 2018) (dismissing complaint with prejudice "[b]ecause Plaintiff has failed to demonstrate the existence of personal jurisdiction over Defendant despite being given two opportunities to do so, and because it appears that further amendment would be futile . . ."). Plaintiff also has not met his burden to show that additional discovery will reveal a factual predicate to support personal jurisdiction over Roman. *See Terracom v. Valley Nat. Bank,* 49 F.3d 555, 562 (9th Cir. 1995) ("where a plaintiffs' claim of personal jurisdiction appears to be both attenuated and based on bare

---

[1] Plaintiff seemingly concedes that Roman does not have sufficient contacts in the State of California to support general jurisdiction, and that specific jurisdiction over Roman cannot rest merely on his role as an officer of corporate defendant Lifewatch. See Dkt. 9 at 5-14.

1

allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery.") (citations omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (upholding the denial of jurisdictional discovery, where plaintiffs' allegations of jurisdictional contacts were "purely speculative," and plaintiffs failed to identify any "specific facts, transactions, or conduct" that might give rise to personal jurisdiction); *Mackovich v. U.S. Government*, No. 06-cv-00422-SMS (PC), 2008 U.S. Dist. LEXIS 124630, * 4 (E.D. Cal. May 13, 2008) (denying discovery where plaintiff made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected," citing *Laub v. United States Dept. of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)).

Consequently, the Court should dismiss the claims against Roman with prejudice. *See Ewing v. Empire Capital Funding Grp., Inc.*, NO. 17cv2507-LAB (MDD), 2019 U.S. Dist. LEXIS 4945, *5 (S.D. Cal. 2019) (dismissing TCPA claim against corporate defendant's CEO *with prejudice* because the complaint provided no support for the proposition that he was responsible for placing or directing the allegedly violative phone calls).

Finally, Roman incorporates by reference the arguments presented in Lifewatch and Medguard's reply to Plaintiff's opposition to its motion to dismiss. For the reasons stated therein, and to the extent that Plaintiff's claims against Roman are not dismissed with prejudice for lack of personal jurisdiction, the FAC's claims against Roman should be dismissed pursuant to Federal rules of Civil Procedure 12(b)(4),

---
DEFENDANT DAVID ROMAN'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS THE FAC

12(b)(5), and 12(b)(6).

## CONCLUSION

For the reasons stated herein and in Roman's Motion to Dismiss the FAC, Plaintiff's FAC must be stricken, or in the alternative, must be dismissed in its entirety, and with prejudice, pursuant to FRCP. R. 12(b)(2). Dismissal is also warranted under FRCP R. 12(b)(6), 12(b)(4) and 12(b)(5).

Dated: December 30, 2019

                        Respectfully Submitted,

                        By /s/   Thomas S. Alch
                             David R. Shoop (SBN: 220576)
                             Thomas S. Alch (SBN: 136860)
                             SHOOP | A PROFESSIONAL LAW CORPORATION
                             9701 Wilshire Blvd., Suite 950
                             Beverly Hills, California 90212
                             Telephone: (310) 620-9533
                             Facsimile: (310) 620-6330
                             david.shoop@shooplaw.com
                             thomas.alch@shooplaw.com

                             Joseph Lipari (pro hac anticipated)
                             THE SULTZER LAW GROUP, P.C.
                             liparij@thesultzerlawgroup.com
                             The Sultzer Law Group, P.C.
                             270 Madison Avenue, Suite 1800
                             New York, NY 10016
                             Tel: (917) 444-1960

                             *Counsel for Defendant David Roman*

3

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on plaintiff by mailing it Federal Express overnight mail on December 30, 2019 to:

**Justin Prato Esq.**
**Prato & Reichman, APC**
**8555 Aero Drive, Suite 303**
**San Diego CA 92123**

_____
Joseph Lipari

Sworn to before me this
30th day of December, 2019

_____
NOTARY PUBLIC

Amanda Ciulla
Notary Public State of New York
01KA6212207
Qualified in Dutchess County
Commission Expires 10/13/21

4